# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVID HILLIARD

## DEFENDANTS
NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KELLER & GOGGIN, P.C.
1528 WALNUT STREET, SUITE 900
PHILADELPHIA, PA 19102 (215) 735-8780

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability |  |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |  | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander |  |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☒ 330 Federal Employers' Liability |  |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |  | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
|  | ☐ 340 Marine |  |  |  | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability |  | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud |  | ☐ 862 Black Lung (923) |  |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability |  | ☐ 380 Other Personal Property Damage |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury |  | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act |  | ☐ 895 Freedom of Information Act |
|  | ☐ 362 Personal Injury - Medical Malpractice |  | ☐ 790 Other Labor Litigation |  | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  |  |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 448 Education | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FEDERAL EMPLOYER LIABILITY ACT
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
11/21/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HILLIARD<br>13106 Kumar Road<br>Woodbridge, VA 22193<br><br>VS.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)<br>30TH & Market Streets, 2nd Floor<br>Philadelphia, PA   19104 | : COURT OF COMMON PLEAS<br>:<br>: PHILADELPHIA COUNTY<br>:<br>:<br>:<br>:<br>: TERM, 2014<br>:<br>: NO.<br>:<br>: **JURY TRIAL DEMANDED**<br>: |

## COMPLAINT

1.  The Plaintiff herein, David Hilliard, a citizen and resident of the State of Virginia, residing at 13106 Kumar Road, Woodbridge, VA 22193.

2.  The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec. 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

3.  Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, and which regularly does business in the Eastern District of Pennsylvania.

3.  All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5.  At all time material hereto, Plaintiff was employed by Defendant.

6.  All of the property, equipment and operations involved in the accident herein referred to were owned by an under the control of the Defendant, its agents, servants and/or employees.

7. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to undergo extensive medical care and may have to continue to expend large sums of money in the future in an effort to treat his injuries; and has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

8. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

9. On or about April 9, 2014, and for some time prior thereto, Plaintiff was employed by Defendant, Amtrak as a equipment operator and on that date in the performance of his duties he was caused to sustain the serious, permanent and painful personal injuries, more particularly hereinafter described when, he was struck by an Amtrak train while working in the vicinity of 42 track in the Washington Terminal, Plaintiff was caused to sustain serious injuries due to the negligence and carelessness of the Defendant, by not protecting him from known dangers. As a result, Plaintiff sustained severe personal injuries hereinafter described.

10. 49 CFR 214.315 and Amtrak RWP Rule 315 provide that when assigned duties require fouling a track, an RWP briefing must be provided prior to starting any work.

11. The Amtrak workers failed to document a new On Track Safety Briefing prior to commencing work.

12. Under 49 214.329 and Amtrak RWP Rule 329, watchmen assigned to provide train approach warning shall devote full attention to detecting the approach of trains and communicating a warning.

13. Watchmen Evans failed to devote full attention to detecting the approach of trains because he was engaged in conversation with the Foreman Jones and had his back to the train movement. Foreman Jones failed when he engaged in conversation with the Watchmen under live track conditions.

14. Under 49 214.329 and Amtrak Rule 329, watchmen are required to signal the approach of a train or equipment by sounding an audible warning and raising an orange disc or approved light at arm's length above the head.

15. When it is safe to resume work, the watchmen must lower the orange disc or approved light horizontally at arm's length toward the point of work, hold the position momentarily, then lower to rest position.

16. Watchman Evans failed to sound an audible warning by using his whistle and did not exercise his right to refuse when he did not have an air horn.

17. Watchman Evans failed to signal a train was approaching because his back was to the train on the reverse shove movement.

18. Under 49 214.329 and Amtrak's Rule 329, when noisy machinery or equipment is in use or outside noise may interfere with detecting train approach warning, a tap man/lookout or other precautions must be taken. Foreman Jones failed to place a tap man due to the noisy environment.

19. Under 49 214.329 and Amtrak's Rule 329, watchmen working at night must be issued a warning whistle, approved white light, an air horn and a watchman's vest.  Watchman Evans failed to exercise his right to refuse when he did not have all the watchmen equipment required to do the job safety. Watchman Evan claims Foreman Jones placed him as a watchman after he requested an air horn, and failed to secure the proper watchmen equipment before placing the Watchman.

20. NORAC Rule 133 states that whenever Form D line 4 is issued to remove a track from service, the following procedures will apply: (c) (3) A track barricade or flagman at a designated location. Foreman Jones failed to apply a track barricade.

21. Under 49 214.353 and Amtrak's Rule 353, roadway workers who provide for on track safety through the establishment of either working limits by exclusive track occupancy, foul time, or train approach warning must have the current qualifications for Operating Rules (NORAC), Physical Characteristics and Roadway Worker Protection.

22. Foreman Jones failed this requirement as his Operating Rules Training and Physical Characteristics were out of date. Supervisor James Brown failed to ensure that Foreman Jones was requalified Operating Rules and Physical Characteristics. This was reviewed by Foreman Jones and Supervisor Brown at the Semi-Annual review dated 03/04/2014.

23. The negligence and carelessness of the Defendant consisted of the following, inter alia:

    a) Failing to provide Plaintiff with a safe place to work;

    b) Failing to provide Plaintiff with a working area which was not defective;

    c) Failing to provide Plaintiff with equipment which was not defective;

    d) Failing to warn Plaintiff of the existence of said dangerous condition;

    e) Failing to make the work area reasonable safe for working condition;

    f) Failing to maintain said area in a condition which would protect and safeguard the Plaintiff;

    g) Failing to provide safe methods and procedures;

    h) Failing to correct the dangerous conditions existing thereon;

24. The aforesaid accident was caused by the negligence of the defendant, its agents, servants and/or employees, and by defendant's violation of "The Federal Employers' Liability Act", and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

25. As a result of the aforesaid, Plaintiff suffered severe injuries to his internal organs, his head, neck upper extremities, torso and lower extremities. Plaintiff has been advised that some or all of the above may be permanent in nature.

26. As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

27. As a result of the aforesaid, Plaintiff has and may suffer a severe loss of his earnings and impairment to his earning capacity and power.

28. As a further result of the negligence of the Defendant, the Plaintiff has undergone great

physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, all to his great detriment and loss.

29.     As a further result of the aforesaid, Plaintiff has been obliged to undergo extensive medical care and treatment for these injuries which he has been bill, and he may be obliged to continue to expend large sums of money for the same purposes for an indefinite time in the future, all to his great detriment and loss.

WHEREFORE, Plaintiff, David Hilliard, claims of the Defendant, a sum in excess of ONE HUNDRED and FIFTY THOUSAND DOLLARS ($150,000.00).

**KELLER & GOGGIN, P.C.**

By:     /S/James M. Duckworth
        JAMES M. DUCKWORTH, ESQUIRE
        Attorney for Plaintiff

Dated:  November 24, 2014

## **VERIFICATION**

I, James M. Duckworth, Esquire, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief. This statement and verification is made subject to the penalties relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.

/S/James M. Duckworth
JAMES M. DUCKWORTH, ESQUIRE

DATED:   November 24, 2014

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:___13106 Kumar Road_____

Address of Defendant:___30th and Market Streets, 2nd Floor, Philadelphia, PA 19104_____

Place of Accident, Incident or Transaction:_____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
 (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))
    Yes☐    No ✓

Does this case involve multidistrict litigation possibilities?          Yes☐    No ✓

*RELATED CASE, IF ANY*:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐    No ✓

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
   action in this court?
          Yes☐    No ✓

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
   terminated action in this court?          Yes☐    No ✓

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐    No ✓

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ✓ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B.  *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, James M. Duckworth                                              , counsel of record do hereby certify:

✓ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: November 21, 2014          James M. Duckworth            83017
                                 Attorney-at-Law               Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: November 21, 2014          James M. Duckworth            83017
                                 Attorney-at-Law               Attorney I.D.#

CIV. 609 (5/2012)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DAVID HILLIARD | : | CIVIL ACTION |
| v. | : | |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| November 21, 2014 | James M. Duckworth | David Hilliard |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 735-8780 | (215) 735-5126 | Jduckworth@keller-goggin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02